IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARYL LEON HANSON,

        Plaintiff,          CV F 07 1708 LJO WMW P

   vs.                      FINDINGS AND RECOMMENDATION

RICHIE GOFF, et al.,

        Defendants.

      Plaintiff, an inmate in the Fresno County Jail, brings this civil rights action against parole officials of the Oregon Board of Parole.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

      Plaintiff's sole claim in this action is that he absconded from parole on Oregon and was arrested in California.  Plaintiff alleges that Oregon declined to extradite him and he was released.  Plaintiff alleges that he continues to be arrested and released.  Plaintiff seeks an order from this Court to "discharge me from parole and remove the warrant for me."  Plaintiff also seeks monetary compensation.

      When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990), <u>cert</u>. <u>denied</u> 11 S.Ct. 1090 (1991).  Where the complaint states a habeas

1

1 claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure
2 to exhaust, rather than converting it to a habeas and addressing it on the merits.  See Blueford v.
3 Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th
4 Cir. 1995).

5     Here, the complaint clearly sets forth a habeas claim.  Though Plaintiff does seek
6 damages, the crux of his claim is claim is that he should be released.   Plaintiff is currently
7 incarcerated at the Fresno County Jail.  Should Plaintiff get the relief that he seeks, a dismissal or
8 recall of the warrant from Oregon, he would be entitled to release.  This action should therefore
9 be brought as an application for writ of habeas corpus.

10     Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
11 prejudice to the filing of an application for writ of habeas corpus.

12     These findings and recommendations are submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days
14 after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties.  Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
17 shall be served and filed within ten days after service of the objections.   The parties are advised
18 that failure to file objections within the specified time waives all objections to the judge's
19 findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file
20 objections within the specified time may waive the right to appeal the District Court's order.
21 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22 IT IS SO ORDERED.
23 **Dated:   December 6, 2007**           **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE
24
25
26